```
_____FILED ___ __ENTERED
_____LODGED___ __RECEIVED
        DEC 1 4 2004    PM
                AT SEATTLE
        CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY
```

04-CV-02467-CMP

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT WASHINGTON AT SEATTLE

BONITA K. BIERY, a single woman,
individually and on behalf of all others similarly
situated,

            Plaintiffs,

        vs.

THE BOEING COMPANY EMPLOYEE
HEALTH AND WELFARE BENEFIT PLAN,
The Plan Administrator, a Washington
Corporation; and AETNA LIFE INSURANCE
COMPANY, a foreign corporation,

            Defendants.

Cause No. **C04-2467** JLR

**COMPLAINT – CLASS ACTION**

TO:    DEFENDANTS

        The Plaintiffs, by and through their attorneys, Frederick P. Langer, Nelson, Tyler Langer, P.L.L.C., based upon information and belief, allege the following:

## I.    JURISDICTION AND VENUE

        1.      The Plaintiff, BONITA BIERY, is a resident of the State of Washington.

        2.      Plaintiff Biery represents a large group of claimants who received typical treatment from Defendants.

COMPLAINT – CLASS ACTION – 1
P:\u\Aetna - Class Action\Pleadings\Complaint.doc

LAW OFFICES OF
NELSON TYLER LANGER
705 Second Avenue, Suite 1700
Seattle, Washington  98104
206/623-7520

1    3.    The Defendant, The Boeing Company Employee Health And Welfare Benefit

2  Plan (hereinafter "Boeing"), is a domestic corporation doing business in the State of

3  Washington.   At all times relevant herein, Defendant was the Plan Administrator and/or

4  Sponsor for a Short-Term Disability Plan and a Long-Term Disability Plan offered to Boeing

5  Company employees (hereinafter collectively described as "Plaintiffs").

6    4.    The Defendant, Aetna Life Insurance Company, by and through Aetna US

7  Healthcare (hereinafter "Aetna"), is a foreign corporation doing business in the State of

8  Washington, whose primary place of business is located in the State of Connecticut.   At all

9  times relevant herein, Defendant Boeing contracted with Defendant Aetna as to the

10  determination, claims administration and/or payment of disability benefits to Plaintiffs.

11    5.    The Plaintiffs' claims are governed by 29 U.S.C. §1001, *et.seq.* (ERISA).

12    6.    The matter in controversy, exclusive of interest and costs, exceeds the sum of

13  Seventy Five Thousand and No/100 ($75,000.00) Dollars.

14    **II.  FACTUAL ALLEGATIONS FOR NAMED PLAINTIFF**

15    7.    The Plaintiff, Bonita K. Biery, was employed as a business analyst by The

16  Boeing Company, in Seattle, Washington, for approximately 15 years until approximately June

17  of 2001.

18    8.    During the time of Plaintiff's employment by Defendant Boeing, Plaintiff Biery

19  became eligible to receive disability benefits, and premiums were paid out of her employee

20  compensation to Defendant Boeing in consideration for the disability coverage.   Defendant

21  Boeing contracted with Defendant Aetna as to the determination, claim administration and/or

22  payment of these disability benefits.

23    9.    Plaintiff Biery became afflicted with disabling conditions while she was

COMPLAINT -- CLASS ACTION -- 2
P:\u\Aetna - Class Action\Pleadings\Complaint.doc

LAW OFFICES OF
NELSON TYLER LANGER
705 Second Avenue, Suite 1700
Seattle, Washington  98104
206/623-7520

1  employed at Boeing.  These conditions include, but are not limited to, Chronic Fatigue
2  Syndrome and Fibromyalgia.

3      10.    Plaintiff Biery is unable to work because she is disabled due to her medical
4  conditions.

5      11.    Plaintiff Biery is eligible to receive short-term disability and long-term disability
6  benefits as an employee of Boeing until she reaches the age of 65 or returns to work.

7      12.    Plaintiff Biery's disabling conditions have forced her into retirement.  She
8  qualified for benefits through the Social Security Administration.

9      13.    On December 4, 2002, Defendant Aetna made its final refusal to pay Plaintiff
10  Biery the disability benefits due to her.

11      14.    Defendants conducted their claims review process in an arbitrary and capricious
12  manner, which resulted in the denial of Plaintiff Biery's valid claims.

13  ### III.    CLASS ACTION ALLEGATIONS

14  **A.    Size and Definition of Proposed Class**

15      15.    Plaintiff Biery was an employee of Defendant Boeing who has been wrongfully
16  denied disability benefits by Defendant Aetna.  Pursuant to FRCP 23(b)(1) Plaintiff Biery
17  represents a numerous group (estimated to be between 250-500) of wrongfully denied plan
18  members who have been subject to inappropriate claims adjustment practices and procedures
19  perpetrated by Defendant Aetna while administrating the Defendant Boeing's Long-Term
20  Disability Plan.  The proposed class of Plaintiffs includes all wrongfully denied claims from
21  December 1998 through the filing of this suit.

22  **B.    Plaintiff Biery is an Adequate Representative of the Class.**

23      16.    Ms. Biery's claim for disability benefits was adjudicated by the Defendants in

COMPLAINT – CLASS ACTION – 3
P:\u\Aetna - Class Action\Pleadings\Complaint.doc

LAW OFFICES OF
NELSON TYLER LANGER
705 Second Avenue, Suite 1700
Seattle, Washington 98104
206/623-7520

1   the typical manner.   As such, she is in a position to adequately represent all class members.

2   **C.    There Are Common Questions Of Law And Fact Making Class**
3   **Certification Appropriate.**

4   17.    While administering the Plan, Defendants Boeing and Aetna breached
5   numerous statutory duties, codified at 29 CFR §560, *et.seq.*, including, but not limited to,
6   failure to provide a full and fair review of the claims of disabled employees and breaching its
7   fiduciary duties owed to members of the Employee Health and Welfare Benefit Plan.   These
8   breaches include imposing heightened requirements for claimant's proving disability that are
9   not codified in the Employee Health and Welfare Benefit Plan, failing to fully collect all of
10   claimant's medical records, and ignoring or overlooking opinions of treating physicians.
11   Pursuant to FRCP 23(a)(3), Ms. Biery's claims are typical of all claimants denied disability
12   benefits.    Defendant Aetna took these actions in order substantiate its adverse benefit
13   decisions.

14   18.    Pursuant to FRCP 23(a)(4), the Plaintiff Biery will represent the Class fairly and
15   adequately protect the members of the Class.

16   **IV.    DAMAGES**

17   19.    Defendants' breach of duties owed to Plaintiff Biery, and all similarly situated
18   Plaintiffs, denied said Plaintiffs the benefits defined under the ERISA Plan.

19   20.    All Plaintiffs have express rights and standing under ERISA to bring a cause of
20   action against the Defendants to enforce their rights to recover benefits due to them because of
21   the disability coverage and to clarify their collective rights for future benefits under the terms
22   of the Plan.

23   21.    Under ERISA, Plaintiffs collectively have the right to recover their reasonable

COMPLAINT – CLASS ACTION – 4
P:\u\Aetna - Class Action\Pleadings\Complaint.doc

1  attorneys' fees and costs of this action against Defendants should the Plaintiffs establish their

2  right to recover benefits, including a full and fair review denied to them, collectively, by the

3  Defendants.

4  ### V.    PRAYER FOR RELIEF

5  WHEREFORE, Plaintiffs pray for Judgment against Defendants that compensates the

6  Plaintiffs for damages sustained as follows, to the extent they are not duplicative.

7  1.    For an injunction terminating Aetna's current inappropriate claims adjudication

8  practices and procedures, commonly employed to wrongfully deny Employee Health and

9  Welfare Benefit Plan benefits to disabled Plan participants;

10  2.    For declaratory judgment that the Court enforce the Defendants' continuing

11  obligation owed to the Plaintiffs pursuant to the terms of the Plan and to restore Plaintiffs to

12  inactive employees of Boeing so that they can receive employer-sponsored health insurance

13  benefits;

14  3.    All damages shown at trial which proximately flow from the Defendants'

15  breach of contract, as set forth above;

16  4.    For Plaintiffs' costs and disbursements incurred by bringing these causes of

17  action, along with pre-judgment interest and any other relief permitted by law, which the Court

18  deems just and equitable; and

19  5.    For the Court to order the Defendant Aetna to reopen the administrative claims

20  review process for a full and fair evaluation of Plaintiffs' claims.

21  DATED this 14th day of December, 2004.

22  NELSON TYLER LANGER, P.L.L.C

23  Frederick P. Langer, WSBA #25932
Attorney for Plaintiffs

COMPLAINT - CLASS ACTION – 5
P:\u\Aetna - Class Action\Pleadings\Complaint.doc