UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BONITA K. BIERY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>THE BOEING COMPANY EMPLOYEE HEALTH AND WELFARE BENEFIT PLAN, et al.,<br><br>          Defendants. | CASE NO. C04-2467JLR<br><br>ORDER |

## I.    INTRODUCTION

This matter comes before the court on Defendants' Motion to Dismiss (Dkt. # 8) and Plaintiff Bonita Biery's ("Biery") Motion for Partial Summary Judgment (Dkt. # 14). Having considered the papers filed in support of and opposition to these motions, and having heard oral argument, the court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion for partial summary judgment for the reasons stated below.

## II.    BACKGROUND

Biery filed suit against Defendants Boeing Company Employee Health and Welfare Benefit Plan ("Plan") and Aetna Life Insurance Company ("Aetna"), seeking disability benefits, and injunctive and declaratory relief. As a business analyst at Boeing, Biery worked for 15 years before becoming disabled by chronic fatigue syndrome and

ORDER – 1

fibromyalgia. Entitled to both short- and long-term disability benefits under the Plan, Biery applied for short-term disability benefits on May 30, 2001. Biery Decl., Exh. 1. Aetna, the Plan's service representative,[1] denied Biery's application in early June 2001 and Biery timely appealed the decision, providing Aetna with additional medical documentation of her condition. After reviewing Biery's supplemental information, Aetna upheld its prior decision in a letter dated September 14, 2001, finding that Biery had failed to submit sufficient clinical evidence demonstrating a total disability. Id., Exh. 4.

Although Aetna's September 14, 2001 denial letter purported to represent its "final decision," Aetna's medical director reviewed Biery's claim again in early 2002 after Biery submitted new medical documentation supporting her disability claim. Id., Exh. 6. Despite the new information, Aetna maintained its denial of Biery's claim and issued a letter dated April 4, 2002 advising her that "this represents our final decision." Undeterred, Biery submitted additional information from medical providers supporting her claim in late 2002. While Aetna reviewed Biery's claim once more, it noted in a letter to Biery dated December 4, 2002 that its decision to deny benefits on September 14, 2001 "completed Aetna's contractual and regulatory obligation" to review her initial benefits denial and that any later review represented a "courtesy to you." Id., Exh. 7. Aetna further stated that it considered her claim "closed" and that it declined to review the claim further.[2] Aetna retrenched on this position, however, when United States

---

[1] As the Plan's service representative, Aetna provides benefits determinations and administers claims on behalf of the Plan. Petersen Decl., Exh. A at 48.

[2] Although Biery alleges in her complaint that Aetna's December 4, 2002 letter represents its "final refusal" to pay disability benefits, Biery asserts in her opposition that Aetna's July 26, 2003 letter constitutes a "final refusal." Compare, Compl. at ¶ 13, with Pl. Resp. at 6.

ORDER – 2

1  Senator Patty Murray requested reconsideration of Biery's claim. At Senator Murray's
2  request, Aetna reviewed Biery's entire file once more and upheld its decision denying
3  benefits in a July 28, 2003 letter. Id., Exh. 8.
4        Under the Plan, Biery possessed the right to seek legal action to recover benefits
5  improperly withheld. The documents comprising the Plan, however, provide three
6  different contractual limitation periods for instituting legal action. The Short-Term
7  Disability Plan ("STDP") provides that "[n]o legal action can be brought to recover under
8  any benefit after 2 years from the deadline for filing claims," while the Long-Term
9  Disability Plan ("LTDP") extends the period to "3 years from the deadline for filing
10 claims."[3] Warner Decl., Exh. B at 10, Exh. D at 13. The Summary Plan Description
11 ("SPD") summarizing the disability, life, and accident benefits available to Boeing
12 employees, on the other hand, provides that employees must instigate "legal action within
13 two years after the rendering of the services upon which the claim is based." Petersen
14 Decl., Exh. A at 36-37. The SPD fails to further define or explain the meaning of
15 "services upon which the claim is based."
16       Biery filed suit against Defendants on December 14, 2004, seeking to represent
17 herself and a class of similarly situated plaintiffs "who have been subject to inappropriate
18 claims adjustment practices and procedures" and "wrongfully denied disability benefits"
19 from December 1998 through the present. Compl., at ¶ 15. Biery alleges that Defendants
20 breached their statutory duties under the Employee Retirement Income Security Act
21 ("ERISA") by failing "to provide a full and fair review of the claims of disabled
22 employees," "imposing heightened requirements" for claimants alleging disability claims

---

[3] The STDP deadline for filing claims is approximately 39 days after an employee becomes disabled, while the LTDP deadline is 272 days from the date of disability. Id., Exh. A at 2, Exh. B at 11, Exh. D at 12; Petersen Decl., Exh. A at 21.

ORDER – 3

not codified in the Plan, "failing to fully collect all of claimant's medical records, and ignoring or overlooking opinions of treating physicians." Id., at ¶ 17. Further, Biery alleges that she is eligible to receive both short- and long-term disability benefits. Id., at ¶ 11.

Defendants seek to dismiss Biery's case for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that her claim is time-barred, or in the alternative, improperly filed against Aetna and limited to legal relief under section 502(a)(1)(B) of ERISA. At oral argument, Defendants withdrew their motion to dismiss Biery's claim for long-term disability benefits based on their discovery, the day before oral argument, of the STDP and LTDP establishing alternative contractual limitations periods.[4] Langer Supp. Decl., Exh. 4. In response to Defendants' motion to dismiss, Biery has filed a concurrent motion for partial summary judgment on the "viability" of her individual claim for benefits.

### III.  DISCUSSION

**A.  Legal Standards**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim. Manshardt v. Fed. Judicial Qualifications Comm., 401 F.3d 1014, 1016 (9th Cir. 2005). Although the court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)

---

[4]Based on this discovery, the court ordered both parties to submit briefing on the effect of this new information.

ORDER – 4

(citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).  In general, the court will treat a motion to dismiss for failure to state a claim as a motion for summary judgment if it is presented with, and considers documents extrinsic to, the complaint.  Fed. R. Civ. P. 12(b), (c).  This rule does not apply, however, when the court considers "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (affirming district court's reliance on plan document in ERISA case, not attached to plaintiff's complaint, in ruling on motion to dismiss); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish that a genuine issue as to any material fact exists. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Evidence submitted by a party opposing summary judgment is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. See U.A. Local 343 v. Nor-Cal Plumbing,

ORDER – 5

Inc., 48 F.3d 1465, 1471 (9th Cir. 1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

**B.    Effect of the Plan's Contractual Limitation Period**

While suggesting multiple grounds for dismissal, Defendants primarily argue that Biery's individual claim for disability benefits is time-barred under the Plan. Although Biery disputes Defendants' attempt to rely on Plan documents extrinsic to the complaint, the court will consider them at the motion to dismiss stage given that Biery's claims rest on her membership in the Plan and their authenticity is undisputed.[5] Parrino, 146 F.3d at 706; Knievel, 393 F.3d at 1076. Further, in evaluating Biery's motion for partial summary judgment, the court will consider additional documents extrinsic to the complaint (Aetna's denial letters) which form the evidentiary basis for Biery's motion.[6]

Defendants' contractual limitations argument is complicated by the fact that the Plan documents provide three different periods governing when an employee must seek legal action to recover benefits. Despite this apparent conflict, the court finds that Biery's short-term disability benefits claim is time-barred under either limitation period contained in the STDP or SPD, and refrains from considering whether Biery's long-term

---

[5]Biery misreads Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998), as standing for the proposition that district courts should only consider documents extrinsic to the complaint that are dispositive of the case. Yet, the Ninth Circuit makes no reference to "dispositive" in Parrino and directs the district court to consider (1) whether the plaintiff's complaint "necessarily relies" on the document at issue and (2) whether the parties dispute its authenticity. 146 F.3d at 706.

[6]The court notes that discovery has not yet begun in this case based on the parties' agreement to commence discovery after the court rules on Defendants' motion to dismiss. Joint Status Report, Dkt. # 11 at 3. Further, Defendants seek a continuance under Fed. R. Civ. P. 56(f) to conduct discovery if the court finds that Biery has satisfied her initial burden on summary judgment. Defs.' Resp. at 10.

ORDER – 6

disability benefits claim is also time-barred based on Defendants' withdrawal of that portion of their motion to dismiss.[7]

When Plan documents contain conflicting provisions, such as the STDP and SPD contractual limitation clauses, courts apply the more favorable provision to the employee. E.g., Bergt v. Ret. Plan for Pilots Employed by Markair, Inc., 293 F.3d 1139, 1145 (9th Cir. 2002). Here, the SPD provides the more favorable contractual limitations period for Biery because it allows her to seek legal action "within two years after the rendering of the services upon which the claim is based," in contrast to the STDP which requires Biery to have filed suit on or before July 8, 2003.[8] Petersen Decl., Exh. A at 36-37. Thus, the court focuses its attention on the parties' arguments directed at whether Biery's short-term disability claim is time-barred under the SPD.

In response to Defendants' contractual limitations argument, Biery contends that Aetna failed to trigger the SPD's two-year limitation period when it failed to inform her that the time bar existed, and in the alternative, that if Aetna triggered the limitation period, then it started running on July 26, 2003 (Biery's alleged final review date) and

---

[7] At oral argument, defense counsel stated, "we will not be pursuing 12(b)(6) relief as to long-term disability benefits based on our discovery of this language, but we do reserve all of our rights and all of our defenses, including defenses based on the limitation provision, should that claim proceed." Langer Supp. Decl., Exh. 4. The court notes, however, that although Biery clearly states a claim for long-term disability benefits in her complaint, the denial letters submitted by Biery only discuss her claim for short-term disability benefits. Complaint, at ¶ 11. Thus, it is unclear from the nascent, pre-discovery state of the record whether Biery actually applied for long-term disability benefits and as a result, whether she has a claim for such benefits.

[8] Under the STDP, the claim filing deadline is 39 days after an employee becomes disabled. Warner Decl., Exh. A at 2, Exh. B at 11. Assuming Biery became "disabled" on the day she filed her short-term disability claim, May 30, 2001, her claim filing deadline was July 8, 2001. Thus, Biery's deadline for seeking legal action under the terms of the STDP was July 8, 2003 (two years after the filing deadline). Given that Biery waited to file suit until December 14, 2004, Biery's short-term disability benefits claim is time-barred under the STDP contractual limitations period.

ORDER – 7

expired after she filed suit in July 2005.  Additionally, Biery argues for the first time in her reply brief that "services" is ambiguous and therefore should be construed in her favor and stricken from the Plan, suggesting Washington's six-year statute of limitations provides the appropriate limitations period.

Biery's first argument that the SPD's two-year limitation period never started running because Aetna failed to reference it in correspondence with Biery rests on Mogck v. Unum Life Ins. Co. of Am., 292 F.3d 1025 (9th Cir. 2002).  In Mogck, the plaintiff received disability benefits for two years before being notified of the insurer's intent to terminate benefits.  Although the insurer's correspondence with the plaintiff explained its decision to discontinue disability payments, it failed to specifically request "proof of claim" from the plaintiff and therefore trigger the three-year limitation period.[9]  Id. at 1028.  The court held that the insurer's failure to use "proof," "request for the proof," or "proof of claim" in its correspondence with the plaintiff rendered the plan's limitation period inoperative.  Id.

Relying on Mogck, Biery contends that Aetna must notify claimants of the SPD's two-year "contractual time bar" in all of its correspondence for the limitation period to begin running.[10]  Pl. Resp. at 7.  Yet, the factual situation presented by Mogck differs

---

[9] The plan in Mogck provided in relevant part, "[a] claimant . . . cannot start any legal action: (1) until 60 days after proof of the claim has been given; nor (2) more than 3 years after the time proof of claim is required."  Id. at 1027.  Further, the plan required the plaintiff to provide proof of continued disability within 30 days of the insurer's "request for the proof."  Id.

[10] The court notes that ERISA now requires plan administrators, such as Aetna, to inform claimants in a denial letter of the time limits associated with the plan's review procedure and the claimant's right to file suit under section 502(a) of the Act.  29 C.F.R. § 2560.503.1(g)(1)(iv).  Biery concedes, however, that this requirement post-dates her claim filed on May 31, 2001.  Pl. Resp. at 8; 29 C.F.R. § 2560.503.1(o)(1) (limiting regulation's application to "claims filed under a plan on or after January 1, 2002").

ORDER – 8

substantially from the one presented by the case at bar. In Mogck, the Ninth Circuit refused to apply the contractual limitation period because the insurer failed to follow its own terms and procedures for requesting "proof of claim," and thereby failed to trigger its own limitation period. Id. at 1029. Nowhere does the court suggest that the insurer's error was failing to inform the beneficiary that the "contractual time bar" existed. Id.

Further, unlike the plaintiff in Mogck who received disability benefits for two years before learning of the insurer's intent to terminate benefits and who failed to provide the required "proof of claim," Biery never received disability benefits from Defendants and submitted "proof" of her disability claim on multiple occasions, including after Aetna closed the claim. Aetna's failure to reference the contractual time bar in its correspondence with Biery does not prevent the court from applying the Plan's two-year contractual limitation. See Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan, 252 F. Supp. 2d 1046, 1057 (E.D. Cal. 2002) (holding plan's contractual limitation period barred plaintiffs' suit filed after the period expired, and distinguishing Mogck as "a continuing of disability payments case" where "plaintiff's loss was never given to the defendant").

Biery's alternative argument that even if the SPD's two-year contractual limitation period applies, then it did not start running until July 26, 2003, also fails. Biery contends that Aetna's July 26, 2003 letter (notifying her of its decision to uphold its denial after reconsidering her claim for the fourth time at Senator Murray's request) "reset the start date of the contractual time bar," but fails to cite any case authority or Plan provisions to that effect. Pl. Resp. at 8. This argument, however, flies in the face of Aetna's December 4, 2002 letter clarifying that it completed all contractual and regulatory obligations to reconsider Biery's claim on September 14, 2001, and that any later review was performed as a "courtesy." Biery Decl., Exh. 7. Aetna's September 14, 2001 denial

ORDER – 9

letter clearly states that it is in response to Biery's "letter of appeal" and represents "our final decision." Id., Exh. 4.

Aetna's repeated efforts to hear Biery's requests and voluntarily consider her short-term disability claim outside what the Plan and ERISA require should not be penalized, and thereby discouraged, by this court. See, e.g., Martin v. Constr. Laborer's Pension Trust for S. Cal., 947 F.2d 1381, 1386 (9th Cir. 1991) (refusing to penalize defendant employee pension plan for reconsidering plaintiff's case after final appeal); Morgan v. Laborers Pension Turst Fund for N. Cal., 433 F. Supp. 518, 525 (N.D. Cal. 1977) (noting that if "an applicant's cause of action is renewed each time a pension fund informally re-examines his pension request, pension funds would simply refrain from doing so."); Mason v. Aetna Life Ins. Co., 901 F.2d 662, 664 (9th Cir. 1990) ("informal reexamination is to be encouraged and will not renew a claimant's cause of action for statute of limitations purposes"). Thus, the court finds that Aetna's September 14, 2001 letter constitutes Defendants' final decision to deny Biery short-term disability benefits, contrary to the dates alleged in Biery's complaint (December 4, 2002) and argued in Biery's summary judgment briefing (July 26, 2003).

Biery's final contention, raised for the first time in her reply, that "services" is ambiguous and should be stricken from the SPD, lacks merit.[11] Although undefined and

---

[11]Biery's reliance on Skipper v. Claims Servs. Int'l, 213 F. Supp. 2d 4 (D. Mass. 2002), an out-of-circuit case, for this proposition is unpersuasive in light of the strikingly different facts. The district court in Skipper considered a policy with nearly identical language to the one at issue in Mogck and held that the plaintiff, who received disability benefits for eight years before being terminated, was not barred from filing suit because the insurer failed to request a "proof of loss." 213 F. Supp. 2d at 7-9. The court distinguished the case at hand from one where "defendants denied disability benefits from the outset," such as the situation presented here, and consequently, the policy could be construed to bar claims filed two years after submitting the required "proof of loss." Id. at 8.

ORDER – 10

poorly drafted, the SPD's contractual limitation requires beneficiaries such as Biery to file suit two years after "the rendering of the services upon which the claim is based." Biery argues that "services" is ambiguous and susceptible to at least three interpretations: (1) the date her treating physician diagnosed her as disabled (May 30, 2001); (2) Aetna's initial denial of her claim (June 6, 2001); and (3) Aetna's final review (which Biery argues is July 26, 2003, and the court has found is September 14, 2001). Given that all three of these potential "services" happened more than two years prior to Biery filing her complaint, the court need not resolve what "services" actually triggered the SPD's contractual limitation period because Biery's short-term disability benefits claim would be time-barred under all three. Thus, the court DISMISSES Biery's short-term disability benefits claim,[12] and reserves ruling on Biery's remaining claim for long-term disability benefits until properly before the court.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to dismiss (Dkt. # 8) and DENIES Plaintiff's motion for partial summary judgment (Dkt. # 14).

Dated this 12th day of July, 2005.

JAMES L. ROBART
United States District Judge

---

[12] Finding that Biery's short-term disability benefits claim is time-barred, the court refrains from considering Defendants' alternative arguments in favor of dismissal, including Defendants' arguments that Aetna is an improper Defendant and that Biery fails to state a claim for equitable relief under ERISA.

ORDER – 11